JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Doug Spodak | GoNow Technologies LLC, Niles Noblitt, Steve Lerner and Phil Cooper |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _Kent (Delaware)_
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John A. Gallagher, Esquire, Gallagher Law Group, PC, 5 Great Valley Parkway, Ste. 210, Malvern, PA 19355

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 2  U.S. Government Defendant
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | | | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ Accommodations | ❑ 530 General | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 950 Constitutionality of State Statutes |
| ❑ 240 Torts to Land | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 245 Tort Product Liability | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| ❑ 290 All Other Real Property | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❑ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation - Transfer
- ❑ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C 1332
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE  12/14/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUG SPODAK

          Plaintiff                             CIVIL ACTION NO.

    v.

GONOW TECHNOLOGIES LLC

    and

NILES NOBLITT

    and

STEVE LERNER

    and

PHIL COOPER                               JURY TRIAL DEMANDED

          Defendants

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.        ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( X )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

**Date**
12/14/17

**Attorney-at-law**
John A. Gallagher, Esq.

**Attorney for**
Plaintiff

**Telephone**
610 647 5027

**FAX Number**
610 647 5024

**E-Mail Address**
jag@johnagallagher.com

## UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____1013 N. Providence Road, Newtown Square, PA 19073_

Address of Defendant: _____c/o Incorporating Services, LTD, 3500 S. DuPont Way, Dover, DE, 19901_

Place of Accident, Incident or Transaction: _____Eastern District of PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: ___N/A_____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. 
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. 
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9.    All other Diversity Cases

XX (Please specify) **BREACH OF CONTRACT**

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____ John A. Gallagher _____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case do not exceed the sum of $150,000.00 exclusive of interest and costs;

_____ Relief other than monetary damages is sought.

DATE: _____December 14, 2017_____    ____John A. Gallagher____    ____61914____
                                          Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____December 14, 2017_____    ____John A. Gallagher____    ____61914____
                                          Attorney-at-Law            Attorney I.D.#




IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUG SPODAK | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | |
| | : | **17    5715** |
| GONOW TECHNOLOGIES LLC | : | |
| and | : | |
| NILES NOBLITT | : |  |
| and | : | |
| STEVE LERNER | : | |
| and | : | |
| PHIL COOPER | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | |

**COMPLAINT**

Plaintiff, Doug Spodak, by and through his undersigned counsel, the Gallagher Law Group, PC, files this Complaint against defendants, GoNow Technologies LLC, Niles Noblitt, Steve Lerner and Phil Cooper, and in support thereof avers as follows:

**PARTIES**

1.      Plaintiff, Doug Spodak, is an adult individual, United States citizen and resident of the Commonwealth of Pennsylvania who currently resides at 125 Harvest Circle, Bala Cynwyd, PA 19004.



2.     Plaintiff herein asserts a claim for breach of contract arising out of defendants' breach of their obligation to pay plaintiff severance and his counsel attorneys' fees pursuant to the parties' written and duly executed agreement.

3.     Plaintiff's counsel, The Gallagher Law Group, PC ("GLG"), has assigned all of its rights to collect on its claim against defendants for attorneys' fees and costs to Mr. Spodak.

4.     Defendant, GoNow Technologies LLC ("GoNow"), is an LLC duly organized and existing under the laws of the State of Delaware (incorporation date February 3, 2009).

5.     GoNow has been non-operational for some time, and does not currently have a principal place of business (or any place of business).

6.     The State of Delaware's Department of State, Division of Incorporations website states the following concerning GoNow: Registered Agent Information, Incorporating Services, LTD, 3500 S. DuPont Way, Dover, DE, 19901.

7.     GoNow is an entity that has developed and maintains patentable technology.

8.     Defendant, Niles Noblitt, is an adult individual, United States citizen and resident of the State of Florida who currently resides at 934 Flagship Drive, Summerland Key, FL 33042.

9.     Defendant, Steve Lerner, is an adult individual, United States citizen and resident of the State of New Jersey who currently resides at 5 Krams Trail, Bound Brook, NJ 08805.

10.     Defendant, Phil Cooper, is an adult individual, United States citizen and resident of the Commonwealth of Massachusetts who currently resides at 7 Fieldstone Drive, Winchester, MA 01800.

11.     The individual defendants have at a material times comprised the Board of Directors of GoNow and will collectively be referred to herein as "the Board."

### JURISDICTION AND VENUE

12.     The amount in controversy in this matter does not exceed the arbitration limits of this Court.

13.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, insofar as there is complete diversity between the parties and the amount in controversy, including damages, fees and costs, exceeds $75,000.

14.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a)(2), as defendant resides and operates within this District.

15.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania.

16.     Plaintiff herein demands damages of in excess of $75,000 (inclusive of attorneys, fees, costs and interest), and for less than $150,000.

### A.     Background. The Parties' Agreement

17.     In October 2013, the parties entered into a document styled Separation of Employment and General Release ("Agreement"), the recitals and material terms of which, set forth below, establish the material facts necessary to understanding the dispute at hand, as follows:

> **THIS SEPARATION OF EMPLOYMENT AND GENERAL RELEASE** (this "Agreement") is entered into as of November 14,2013 by and between GoNow Technologies, LLC, along with its parents, subsidiaries, affiliates, successors, assigns, executives, Directors and agents (the "Employer") and Doug Spodak ("Executive").
>
> **WHEREAS**, Executive has been employed by Employer as its Chief Executive Officer;

3

**WHEREAS**, Executive's employment with the Employer has ended effective as of October 23,2013 (the "Separation Date"); and

**WHEREAS**, Executive and Employer mutually desire to amicably resolve the ending of Executive's employment with Employer and the other matters contained herein.

**NOW, THEREFORE**, in consideration of the mutual promises set forth in this Agreement and of other good and valuable consideration the sufficiency of which Executive acknowledges, and intending to be legally bound hereby, Executive and the Employer agree as follows:

1. <u>Severance Benefits</u>. In full consideration of Executive's execution and performance of this Separation of Employment Agreement and General Release, and his agreement to be legally bound by its terms, Employer agrees to:

a) pay Executive a one-time payment of $10,500 for documented business expenses incurred by Executive on Employer's behalf within three business days after the receipt by the Employer of a minimum of $100,000 in debt or equity financing ("Bridge Funding");

b) subject to the receipt of not less than $300,000 (inclusive of the Bridge Financing) in debt or equity financing (the "First Funding") and satisfaction of the "Transition Completion" specified in Section 1(t) below, pay (i) Executive an amount equal to $4,350 per month on or prior to the third business day of each month through August 2014 (the "Monthly Payments"), minus all payroll deductions required by law or authorized by him, and (ii) The Gallagher Law Group, PC.", Executive's legal counsel, an amount equal to $1,450 per month;

c) pay the first two Monthly Payments within three business days of attaining the Transition Completion;

d) if the Employer receives not less than $800,000 (inclusive of the "First Funding") in total debt or equity financing, the remaining unpaid Monthly Payments shall be accelerated and paid within three business days after the receipt by the Employer of such financing;

f) within five business days upon the closing of the First Funding, Employee (i) meet with the Employer and its designated agents in a mutually acceptable place within the Philadelphia metropolitan area to transfer all Employer accounts, financial and otherwise (e.g. internet domain accounts, corporate registration accounts, etc.), and all corporate and financial records, including all receipts that underlying any Employer debt obligations (including credit card debt), and (ii) reach a mutually

agreed plan on how any necessary items from such meeting will be satisfied (the "Transition Completion");

14. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania with regard to conflicts of laws rules

.

17. <u>Legal Expenses</u>. The parties agree that if either party shall prove a breach of this Agreement in a court of competent jurisdiction, then the prevailing party in such action shall be entitled to receive reimbursement of all reasonably incurred attorney's fees and costs.

## B.   **Initial Funding Completed; Some Terms of Agreement Honored**

18.    At or around the time of the execution of the Agreement, or shortly thereafter, GoNow received a minimum of $100,000 in debt or equity financing ("Bridge Funding").

19.    At or around the time of the execution of the Agreement, or shortly thereafter, the defendants completed a payment to plaintiff of $10,500.

20.    At or around the time of the execution of the Agreement, or shortly thereafter, GoNow received a minimum of $300,000 (inclusive of the Bridge Financing) in debt or equity financing (the "First Funding").

21.    Mr. Spodak satisfied his obligations concerning "Transition Completion" set forth in ¶1(f) in a timely manner.

22.    Defendants made an initial payment of $4,350 to plaintiff in a timely fashion.

23.    Defendants made an initial payment of $1,450 to GLG in a timely fashion.

24.    Defendants made a second payment of $4,350 to plaintiff in a timely fashion.

25.    Defendants made a second of $1,450 to GLG in a timely fashion.

## C.   **Defendants Breach. Ignore Demands for Satisfaction**

26.    After making the initial two (2) payments required pursuant to ¶1(b), defendants ceased making payments to Mr. Spodak and GLG.

5

27.     In addition and/or alternatively, GoNow has since January 2014 received in excess of $799,999.99 (inclusive of the "First Funding") in total debt or equity financing (or reasonable equivalent thereto).

28.     Despite receiving such financing, defendants failed and refused to accelerate any, much less all of, the remaining payments then due and owing to plaintiff.

29.     Plaintiff has made numerous written demands upon defendants for payment of the monies to which he is entitled, but defendants have failed to satisfy such demands either in whole or in part.

30.     GoNow currently, and has at all material times hereto, been the owner of one or more patents that have substantia value (in excess of $100,000).

31.     Each member of the Board has at all times material hereto been the owner of liquid and other assets that have far exceeded the debt owed to plaintiff and GLG.

32.     GoNow has on more than one occasion made a willful, intentional decision(s) to withhold payment of the monies owed to plaintiff and GLG despite being notified of its breach of the Agreement, and despite having actual knowledge of its breach of the Agreement.

33.     The individual defendants, and the Board, have/has on more than one occasion made a willful, intentional decision(s) to withhold payment of the monies owed to plaintiff and GLG despite being notified of its breach of the Agreement, and despite having actual knowledge of its/their breach of the Agreement.

34.     Plaintiff is entitled to attorneys' fees and costs pursuant to the terms of the Agreement.

## COUNT I – PLAINTIFF V. ALL DEFENDANTS
### Breach of Contract

35.     Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though set forth at length herein.

36.     Plaintiff honored all of his obligations and responsibilities under the Agreement.

37.     Defendants have breached their obligations to pay plaintiff severance and attorneys' fees pursuant to eh Agreement.

38.     Plaintiff is entitled to attorneys' fees and costs.

WHEREFORE, plaintiff, Doug Spodak, hereby demands judgment in his favor in an amount in excess of $75,000 (and less than $150,000) against defendants, GoNow Technologies LLC, Niles Noblitt, Steve Lerner and Phil Cooper, in a sufficient amount to fully compensate him for his losses, along with attorney's fees, costs and such other relief as the Court deems just and appropriate.


GALLAGHER LAW GROUP, PC


BY:


John A. Gallagher, Esquire
Atty. I.D. 61914
Counsel for Plaintiff
5 Great Valley Parkway, Ste. 210
Malvern, PA 19355
tel:     610.647.5027
fax:     610.647.5024
jag@johnagallagher.com

7